IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-18,331-02






EX PARTE RICHARD ARTHUR FULLER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B06-306 IN THE 198th DISTRICT COURT


FROM KERR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to life years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because counsel, and the trial court,
improperly admonished him of the incorrect punishment range. Specifically, the Applicant contends
that counsel, and the trial court, improperly admonished him that, because he had a prior conviction
for indecency with a child, he was facing a mandatory life sentence under Section 12.42(c)(2)(A) of
the Texas Penal Code. (1)
 The Applicant also contends that counsel was ineffective for failing to
investigate his prior psychological history. Applicant has alleged facts that, if true, might entitle him
to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96
(Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary, and that counsel rendered ineffective assistance. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 12, 2007

Do not publish

1. On the date Applicant committed this offense, on or about September 10, 2005, a
defendant would have only been facing a mandatory life sentence if his primary offense was for:


 A. Aggravated sexual assault;


 B. Sexual assault;


 C. Aggravated kidnaping with intent to inflict bodily injury or violate or abuse
sexually; or;


 D. Burglary of a habitation if the defendant committed the offense with the intent
to commit aggravated sexual assault, sexual assault, aggravated kidnaping with
intent to inflict bodily injury or violate or abuse sexually, or indecency with a child.